UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BOWER, | : | |
| | : | |
| Plaintiff | : | No. 1:16-CV-00537 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| J. REY, et al., | : | |
| | : | |
| Defendants | : | |

---

| | | |
|---|---|---|
| CHARLES BOWER, | : | |
| | : | |
| Plaintiff | : | No. 1:16-CV-02048 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| BETH ZALNO, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

I. **BACKGROUND**

On October 11, 2016, Plaintiff Charles Bower, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania filed a Bivens-styled complaint, Civil No. 1:16-cv-02048 against thirteen individuals employed at FCI-Allenwood. (Doc. No. 1.) Bower's complaint is a 16-page typewritten document that does not delineate how the named defendants violated any of his constitutional rights. Notably, Bower fails to connect any of the named defendants to the conduct alleged in the complaint. It appears the entire gist of his

complaint is that he was found guilty of misconduct for failing to give a urine sample for drug testing.

In his complaint, Plaintiff sets forth in the complaint a disjointed history of his medical and psychological problems. Also, in the complaint Bower states that he has "an ongoing civil case 1:16-CV-0537" raising the same claims. (<u>Id.</u> at 2.) Previously, on March 22, 2016, Plaintiff had filed a <u>Bivens</u>-styled complaint claiming relief for mental and emotional distress resulting from the sanctions imposed due to his failure of the drug test.  (Doc. No. 1 at 1-2; No. 16-cv-0537)

On October 25, 2016, Bower filed a motion for leave to proceed <u>in forma pauperis</u> in the second action. (Doc. No. 6; No. 1:16-cv-02048.)  On December 6, 2016, Bower also filed a motion to amend the complaint in which he requests leave to add five defendants to the complaint.  (Doc. No. 14; No. 1:16-cv-02048.) For the following reasons, the Court will grant motion to proceed <u>in forma pauperis</u> (Doc. No. 6; No. 1:16-cv-02048), dismiss the complaint pursuant 28 U.S.C. § 1915(e) of the Prison Litigation Reform Act ("PLRA")(Doc. No. 1; No. 1:16-cv-02048), and consolidate the prior case <u>Bower v. Rey, et al.</u>, 1:16-CV-00537 into <u>Bower v. Zalno, et al.</u>, 1:16-CV-02048.

II.     **<u>LEGAL STANDARD</u>**

Section 1915(e)(2) of the PLRA applies to the above-captioned actions given that Bower is complaining about prison conditions and is a prisoner proceeding <u>in forma pauperis</u>.  28 U.S.C. §

1915(e)(2).  The Court has an obligation to dismiss a complaint under the PLRA screening provisions "at any time the court determines" the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.  See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000); 28 U.S.C. § 1915(e)(2)(B).

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

The Supreme Court's decision in Bivens v. Six Unknown Named

Agents of Fed. Bureau of Narcotics "established that a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official."  Butz v. Economou, 438 U.S. 478, 504 (1978) (citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 410 (1971)).  The constitutional protected interests, include the right to adequate medical care and a secure and livable environment under the Eighth Amendment and the right to access to the courts under the First Amendment.

    A person seeking to recover damages under Bivens must satisfy three requirements: the litigant must (1) assert that a constitutionally protected right has been violated; (2) state a cause of action sufficient to invoke the general federal question jurisdiction of the district court; and (3) demonstrate why money damages are the appropriate form of relief.  See Muhammad v. Carlson, 739 F.2d 122, 123-4 (3d Cir. 1984).  Furthermore, in addressing whether a viable Bivens claim has been stated against a defendant the court must assess whether Plaintiff has sufficiently alleged personal involvement of the defendant in the acts which he claims violated his rights.  Liability may not be imposed under Bivens on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989).

**III.    DISCUSSION**

A review of Bower's complaint reveals that he has not asserted any cognizable claims under Bivens.[1]  Bower's claims are vague and conclusory and fail to meet the pleading requirements of Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Bower does not specify the conduct violating his constitutional rights, the time and place of that conduct, or the wrongful conduct of any specific defendant.

Although the complaint as filed fails to state a cause of action against the Defendants, it is possible that the deficiencies may be remedied by filing an amended complaint. Consequently, Bower will be granted such opportunity.  Bower is also advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint or the other documents already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  If Bower fails to file an amended complaint adhering to the standards set forth above, this case will be closed.  An order consistent with this memorandum follows.

---

1.  To the extent Bowers raises a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), he also has not set forth any cognizable claims.