```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


    CHARLES BOWER,                    :
            Plaintiff                 :     No. 1:16-CV-02048
                                      :
        vs.                           :     (Judge Kane)
                                      :
    BETH ZALNO, et al.,               :
            Defendants                :
```

### MEMORANDUM

On October 11, 2016, Plaintiff Charles Bower, an inmate at that time at Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania filed a Bivens-styled[1] complaint against thirteen individuals employed at FCI-Allenwood. (Doc. No. 1.)  Bower's complaint was a disjointed 16-page typewritten document which did not delineate how the named defendants violated any of his constitutional rights.  Notably, Bower failed to connect any of the named defendants to the conduct alleged in the complaint.  It appeared the entire gist of his complaint was that he was found guilty of misconduct for failing to give a urine sample for drug testing.  He also set forth in the complaint a vague, rambling and disjointed history of his medical and psychological problems.  On October 25, 2016, Bower filed a motion for leave to proceed in forma pauperis. (Doc. No. 6.)  On December 6, 2016, Bower filed a motion to amend the complaint (Doc. No. 14), in which he requested leave to add five

---

1. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977).

defendants to the complaint. With respect to those five defendants Bower did not explain how they violated any of his constitutional rights.

On December 16, 2016, the Court dismissed Bower's complaint pursuant to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted with leave to file an amended complaint within 30 days and deemed Bower's motion to amend moot. (Doc. Nos. 17, 18.)[2] The court further found that the complaint violated the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (Id.) Bower was also advised that the amended complaint had to be complete in all respects, a new pleading which stood by itself without reference to the complaint or the other documents already filed; and it had to set forth his claims in short, concise and plain statements referring to time and place, and connecting the allegations of misconduct with each responsible defendant.

On January 31, 2017, Bower filed what purports to be an amended complaint and a document entitled "Commercial Affidavit of Truth" which lists 22 defendants. (Doc. No. 22, 24.) Although some of the defendants are referred throughout the documents, neither document cures the defects of the original complaint. Both documents are rambling, disjointed, conclusory

---

2. The court incorporates herein by reference the reasoning set forth in the memorandum of December 16, 2016. (Doc. No. 17.)

legal polemics and in violation of Rule 8 and fail to state any claim upon which relief can be granted. The documents do not meet the pleading requirements of Rule 8 or Twombly and Iqbal.[3] Consequently, the amended complaint will be dismissed without further leave to file a second amended complaint.

An appropriate order will be entered.

---

3. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)